# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

NICOLE B. COMER, Individually,          :
12 Autumn Wood Drive,                   :
Newark, Delaware 19711                  :
                                        :
COMER ENTERPRISES, Inc.,                :     Civil Act. No.   19     3138
d/b/a CE SOLUTIONS                      :
110 East State Street, Suite D,         :
Kennett Square, Pennsylvania 19348      :
                                        :
              Plaintiffs,               :
                                        :
          v.                            :
                                        :
ADVANTAGE CAPITAL INC.,                 :
30 Broad Street, 14th Floor             :
New York, New York 1004                 :
                                        :
SILVER CUP FUNDING, LLC.,               :
321 Route 59, Suite W6                  :
Tallmon, New York 10982                 :
                                        :
BMF CAPITAL,                            :
1820 Avenue M, Suite 225                :
Brooklyn, New York                      :
                                        :
IRUKA CAPITAL GROUP, LLC.,              :
162 Elmora Avenue, #211,                :
Elizabeth, New Jersey                   :
                                        :
QUEEN FUNDING, LLC.,                    :
101 Chase Avenue, Suite 208             :
Lakewood, New Jersey 08701              :
                                        :
PENN CAPITAL FUNDING,                   :
1274 49th Street, Suite 455             :
Brooklyn, New York 11219                :
                                        :
INFLUX CAPITAL, LLC.,                   :
32 Court Street, Suite 205,             :
Brooklyn, New York, 11201               :
                                        :
              Defendants.               :



FILED

JUL 18 2019

By KATE BARKMAN, Clerk
         Dep. Clerk

## COMPLAINT

Plaintiffs, Nicole B. Comer and CE Solutions, Inc., by and through their undersigned counsel, Siana, Bellwoar & McAndrew, LLP, brings this action against Defendants for breach of contract because they illegally Confessed Judgment against Plaintiffs in the state of New York and have threatened irreparable harm to Plaintiffs' business as a result of their attempts to collect the judgment through garnishment upon Plaintiffs' customers.

## PARTIES

1.      Plaintiff, Comer Enterprises, Inc., d/b/a CE – Solutions (herein after "CE"), is a Pennsylvania corporation with a registered place of business at 110 East State Street, Suite D, Kennett Square, Chester County, Pennsylvania 19348.

2.      Plaintiff, Nicole B. Comer, is an adult individual, *sui juris*, with an address of 12 Autumn Wood Drive, Newark, Delaware 19711.

3.      Defendant, Advantage Capital, Inc., is a New York corporation with a registered place of business at 30 Broad Street, 14th Floor, New York, New York 10004.

4.      Defendant, Silver Cup Funding, LLC., is a New York corporation with a registered place of business at 321 Route 59, Suite W6, Tallmon, New York, 10982.

5.      Defendant, BMF Capital, is a New York corporation with a registered place of business at 1820 Avenue M, Suite 225, Brooklyn, New York.

6.      Defendant, Iruka Capital Group, LLC., is a New Jersey limited liability company with a registered place of business at 162 Elmora Avenue #211, Elizabeth, New Jersey.

7.      Defendant, Queen Capital, LLC., is a New Jersey limited liability company with a registered place of business at 162 Elmora Avenue #211, Elizabeth, New Jersey.

8.      Defendant, Penn Capital Funding, is a New York corporation with a registered place of business at 1274 49th Street, Suite 455, Brooklyn, New York 11219.

2

9.     Defendant, Influx Capital, LLC is a New York corporation with a registered place of business at 32 Court Street, Suite 205, Brooklyn, New York 11201.

## JURISDICTION AND VENUE

10.     This Court has diversity jurisdiction over the civil action pursuant to 28 U.S.C. § 1332 as Plaintiff Nicole Comer is a resident of Pennsylvania, Plaintiff CE is a Pennsylvania corporation and the Defendants are all residents or, incorporated and/or have principal places of business in New Jersey and New York and there is complete diversity of citizenship.

11.     Venue is appropriate in the Eastern District of Pennsylvania as the performance and occurrences at issue took place in the Eastern District of Pennsylvania, and the harm alleged occurred in the Eastern District of Pennsylvania.

## FACTS

12.     CE is in the business of talent placement, staffing, and manpower solutions serving the financial industry.

13.     In connection with the business operations, CE entered into financial arrangements with the Defendants.

14.     Defendants provided financial assistance to CE Solutions in the form of monetary loans.

15.     Defendants' contracts are structured in such a manner to escape the usury laws and predatory loan restrictions by treating the loans as a passed withdrawal against debtors' receivables.

16.     Defendants' contracts are additionally structured in such a manner that create a default, violate stacking provisions, only to pursue a confession of judgment, seeking the full amount of the loans, plus interest and attorney's fees, without the ability to negotiate repayment. See, Declaration of J. Globus, Esquire.

3

17.     Defendants' practices violate the usury laws.

18.     Defendants confessed judgment against Plaintiffs, as more fully set forth in the Declaration of N. Comer, individually and as President of Comer Enterprises d/b/a CE Solutions, Inc.

19.     It is believed Defendants set the contracts up for default, confessing judgment in less than one month from the agreement date, even though no default occurred.

20.     Defendants have aggressively attempted to enforce the Confessed Judgments through presentation of Notices of Garnishment to CE's customers, and in doing so interfere with Plaintiff and Plaintiffs' business.

21.     As a result of Defendants' conduct, CE has suffered serious injury to its financial and business relationships with its customers and may have to seek bankruptcy protection and/or close the business.

22.     Defendants customers have informed CE that they are receiving multiple calls per day from the New York City Sheriffs' office concerning the attempted garnishment.

23.     In the event that Defendants are permitted to continue enforcement CE will suffer irreparable harm and inevitably will be forced to go out of business.

24.     The Confessed Judgments upon which Defendants seek to enforce are invalid and not filed in accordance with applicable law.

25.     Plaintiffs' request for a temporary restraining order and/or preliminary injunction preventing Defendants from continuing to seek garnishment of CE's assets and interfering with the business relationships of its customers.

## Count I
## Breach of Contract

26. Plaintiffs' incorporate by reference the allegations previously set forth

27. Defendants breached the Agreements by stacking the loans, which is prohibited.

4

28. Defendants' actions further evidence a breach of implied covenant of good faith and fair dealing.

29. Defendants breached the Agreements by confessing judgment despite no default occurring.

## Count II
## Fraud

30. Plaintiffs' incorporate by reference the allegations previously set forth.

31. Defendants, or its employees or agents falsely represented the terms of the contracts and the method and manner and timing of any confession of judgments.

32. Defendants' conduct, by and through its employees and or agents constituted fraud in the inducement of the respective agreements.

## Count III
## Petition to Open Judgment and/or Strike the Confessed Judgment

33. Plaintiffs' incorporate by reference the allegations previously set forth.

34. Plaintiffs did not knowingly, intelligently and voluntarily waive their right to Notice and hearing prior to the entry of Judgment.

35. The judgments are not valid on their face.

36. The Judgments were entered where no default occurred.

37. The amounts claimed in the Judgments are wrong and/or were fraudulently assessed or induced.

**WHEREFORE**, Plaintiffs demands judgment in their favor as to all claims, seeking the following relief:

 a. Awarding compensatory damages;

 b. Striking the Confessed Judgments;

 c. And/or Opening the Confessed Judgments;

     d.      Awarding punitive damages;

     e.      Awarding attorneys' fees and costs; and

     f.      Granting such other and further relief as the Court may deem just and

proper.

     **WHEREFORE**, Plaintiffs respectfully request this Honorable Court enter judgment in its

favor and grant Plaintiffs concurrent Motion for Temporary Restraining Order and/or Preliminary

Injunction, together with such other relief deem just and appropriate.

     Respectfully submitted,


     **SIANA, BELLWOAR & McANDREW, LLP**

Date:  July 18, 2019     By:   ***/s/ Christopher P. Gerber***
                                  Christopher P. Gerber, Esquire, I.D. #76449
                                  941 Pottstown Pike, Suite 200
                                  Chester Springs, PA 19425
                                  (P): 610.321.5500
                                  (F): 610.321.0505
                                  cpgerber@sianalaw.com
                                  Attorneys for Plaintiffs, *Nicole B. Comer, Comer Enterprises, Inc., d/b/a CE Solutions*

Date:  July 18, 2019     By:   ***/s/ Sheryl L. Brown***
                                  Sheryl L. Brown, Esquire, I.D. #59313
                                  941 Pottstown Pike, Suite 200
                                  Chester Springs, PA 19425
                                  (P): 610.321.5500
                                  (F): 610.321.0505
                                  slbrown@sianalaw.com
                                  Attorneys for Plaintiffs, *Nicole B. Comer, Comer Enterprises, Inc., d/b/a CE Solutions*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

NICOLE B. COMER, Individually,       :
COMER ENTERPRISES, Inc.,             :
d/b/a CE - SOLUTIONS                 :
                                     :
     Plaintiffs,                    :       Civil Act. No.
                                     :
     v.                             :
                                     :
ADVANTAGE CAPITAL INC., SILVER       :
CUP FUNDING, LLC., BMF CAPITAL,      :
IRUKA CAPITAL GROUP, LLC.,           :
QUEEN FUNDING, LLC.,                 :
PENN CAPITAL FUNDING, and INFLUX     :
CAPITAL, LLC.                        :
                                     :
     Defendants.                    :

## DECLARATION OF JULIE D. GLOBUS, ESQUIRE

    I, Julie D. Globus, make the following Declaration under penalty of perjury pursuant to

28 U.S. Code § 1746 and declare that the following facts are true and correct and based upon my

personal knowledge:

1.    I am adult individual over the age of 18.

2.    I am a member of the Bar of the State of New York and am principal of the firm of

Sabharwal, Globus and Lim LLP located at 1 Crosfield Avenue, West Nyack, New York, 10994.

3.    The focus of my practice is corporate formation, transactions, securities, negotiations in

asset and debt acquisitions and due diligence collateral therewith.

4.    In the context of due diligence, I have investigated the tactics of "Predatory Lenders" and

have significant knowledge and experience in their methods, practices, tactics and patterns of

operation.

EXHIBIT A

5.   I am personally familiar with the events and circumstances leading to the herein motion.

6.   On Friday, July 12, 2019 I was engaged by a third-party consultant who wished to negotiate settlement terms with the Lenders, parties hereto, in the hopes of settling any outstanding loans due and owing by Friday, July 19, 2019. He was prepared to obtain the necessary funding for settlement and to negotiate an agreement with Comer Enterprises with reasonable terms and conditions.

7.   On Friday, July 12, 2019, I contacted several of the Lenders, focusing primarily on any Lenders who had or may have contacted vendors of Comer Enterprises, absent a default on the part of Comer Enterprises.

8.   At that point, on Friday, July 12, 2019, Comer Enterprises had not, to the best of my knowledge, defaulted on any of the loan documents. Therefore any judgements obtained were obtained absent a default. In the context of contacting the Lenders or their rightful counsel on that date, I was advised that the default was not a payment default it was what they referred to as "stacking" the Loans which was apparently prohibited, according to what I had been told. However, at least one of the counsel represented more than one Lender thereby negating, upon information and belief, any argument that they did not know or should have known about the multiple loans.

9.   On Monday, July 15, 2019 I contacted nearly all of the Lenders via email correspondence or telephonic discussion, again to try and negotiate settlement, and contacted the Vendors of Comer Enterprises regarding letters of default and garnishment, in the hope of allaying their concerns as to the ability of Comer Enterprises to meet its obligations under their contracts.

10.   By Tuesday, July 16, 2019, I had contacted nearly all of the Lenders with whom Comer Enterprises had entered into agreements, again to try and obtain a settlement.  By that point it

had become clear that at least three (3) of the Lenders had sought to have a judgement granted against their "Confessions of Judgement" in Brooklyn Supreme Court and obtained a judgement against Comer Enterprises for the face value of the Loans without, upon information and belief, accounting for reductions for payments of principal and interest already rendered to them.

11.  On or around that same time, I was asked by at least one of Comer Enterprises' clients to advise of the validity of the garnishment they had received, something I could not do. I did, however, request that the vendor take "No Action" until I could obtain further color on the garnishment.

12.  By Wednesday, July 17, 2019, it had become clear that three or four of the Lenders were willing to settle, either to retrieve their principal balances back or to settle at reduced rates to avoid any possibility that Comer Enterprises would be forced into bankruptcy or a quasi-involuntary bankruptcy petition.

13.  On that same day, it had become clear that nearly all if not all of the Lenders had used the process of a "Confession of Judgement" to obtain a judgement against Comer Enterprises for default under their loan agreements. Many had contacted the clients of Comer Enterprises, and at least two had aggressively pursued collection, as was told to me by one of the clients of Comer Enterprises.

14.  In my experience, these "Loans" are usurious in nature and predatory. The loan documents couch language that reflects what would be referred to as a "draw against receivables." The draws for the "Loans" are daily, removed directly from bank accounts. As such, if vendors are contacted and amounts garnished, there is a paradox created: on the one hand, there can be no receivables, and on the other hand, there can be no fulfillment of the terms of the Agreement by the Borrower.

15.  On the basis of a "daily draw" on the accounts of Comer Enterprises, a single day lost creates an inherent default. Therefore, once a party causes money to be removed from the accounts of Comer Enterprises, there is nearly no way Comer Enterprises can avoid defaulting on one if not all of the Loans, something that is, upon information and belief, known and clearly understood by these Lenders.

16.  Upon information and belief, some of the Lenders also share brokers who broker these Loans and many are jointly funded by the same or similar individuals. It is almost in their best interest, once a single Lender begins to behave aggressively, for all other Lenders to follow suit.

17.  In my experience these predatory Lenders do not calculate what remains as the balance of the Loans when they obtain judgements but submit the face value and all interest without calculating the difference or what remains, to the Court for a quasi-declaratory judgement. As such, they are inherently misrepresenting what may or may not be owed on the Loan at the moment of submission to the Courts.

18.  By the afternoon of Wednesday, July 17, 2019, at least two of the Lenders, represented by a single attorney firm, advised me that they would prefer Comer Enterprises declare bankruptcy than compromise a settlement, despite best efforts to negotiate. Upon information and belief, with respect to those Loans, Comer Enterprises had returned the full extent of any money Comer had drawn on the Loans and partial additional interest.

I declare under penalty of perjury that the foregoing facts are true and correct.

Date: _July 8, 2019_

Julie D. Globus, Esquire

Address: 1 Crosfield Avenue, Suite 303, West
Nyack, NY 10994

Phone: (845) 634-2250

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NICOLE B. COMER, Individually, : | |
| COMER ENTERPRISES, Inc. : | |
| d/b/a CE - SOLUTIONS : | |
| : | |
| Plaintiffs, : | Civil Act. No. |
| : | |
| v. : | |
| : | |
| ADVANTAGE CAPITAL INC., SILVER : | |
| CUP FUNDING, LLC., BMF CAPITAL, : | |
| IRUKA CAPITAL GROUP, LLC., : | |
| QUEEN FUNDING, LLC., : | |
| PENN CAPITAL FUNDING, and INFLUX : | |
| CAPITAL, LLC. : | |
| : | |
| Defendants. : | |

**DECLARATION OF NICOLE BOLT COMER**

I, Nicole Bolt Comer, make the following declaration under penalty of perjury pursuant to 28 U.S. Code § 1746 and declare that the following facts are true and correct and based upon my personal knowledge.

1.      I am adult individual over the age of 18 and reside at 12 Autumnwood Drive, Newark, DE 19711-2400.

2.      This Declaration is being submitted in support of Plaintiffs' Motion for Emergency Injunctive Relief.

3.      Comer Enterprises, Inc. is an active Pennsylvania corporation with an address of 110 E. State Street, Suite D, Kennett Square, PA 19348 and 20 Montchanin Road, Suite 20, Greenville, DE 19807.  Comer Enterprises does business as CE-Solutions.

4.      I am the president of Comer Enterprises, Inc. d/b/a CE-Solutions.

EXHIBIT   B

5.      As more fully set forth below I entered into merchant agreements with various entities which I have come to learn undergo predatory lending practices having confessed judgment against Comer Enterprises d/b/a CE-Solutions and/or me personally where it is believed that no default has occurred, or that the agreements were created in such a manner to create a default to confess judgment.

6.      As more specifically set forth regarding the specific entities, the defendant lenders have notified customers and vendors of Comer Enterprises, Inc. d/b/a CE-Solutions wrongfully advising them of my default status when no default has occurred; and of garnishment proceedings where the confessed judgments were wrongfully filed, interfering with the ability of CE-Solutions to conduct its business.

7.      The defendant lenders intend to garnish the assets and future receivables of Comer Enterprises, Inc. d/b/a CE-Solutions and intend, pursuant to the predatory and usuary lending practices, including interests rates and attorney's fees subject to the total confessed judgment.

8.      Upon information and belief, and in violation of the agreements, the defendant lenders improperly and wrongfully stacked the loans, to further create defaults.

9.      Should the defendant lenders be permitted to garnish my personal assets and the assets and future receivables of Comer Enterprises, Inc. d/b/a CE-Solutions, it will cause an immediate and irreparable harm including the shut-down of the corporation.

10.     The defendant lenders as noted above include the following:

a.      BMF Capital: Agreement dated May 1, 2019 for purchase and sale of future receivables for the purchase price of $150,000 with a specified percentage of 10% and receipts purchased amount of $224,850.00. The Affidavit of Confession of

Judgment was dated May 2, 2019 and confessed on July 12, 2019.

        b.     Advantage Capital Funding: agreement dated June 19, 2019 for a purchase price of $225,000; purchased amount $317,250.00 with a specified percentage of 10% and origination fee of $11,250.00.  An Affidavit of Confession of Judgment was executed on June 19, 2019 for the total sum of $317,250.00 with interest of 16% per annum from the date of default and legal fees to be calculated at 25% of the total of the sums, and filed on July 15, 2019.

        c.     IRUKA Capital Group, LLC: Agreement dated June 20, 2019 for the purchase price of $200,000 with 13% specified interest and a purchase amount of $299,800.00.  An affidavit of confession of judgment was executed on June 24, 2019 in the sum of $299,800.00 plus 9% per annum interest and legal fees calculated at 33% of the total sums, and filed on July 16, 2019.

        d.     Queen Funding, LLC: agreement dated May 1, 2019 for the purchase price of $150,000 at 13% specified interest for a total purchase amount of $224,850.00.  An Affidavit of Confession of Judgment was executed on May 2, 2019 in the sum of $224,850.00 with 16% interest and legal fees to be calculated at 33% of the total sums, and filed on July 16, 2019.

        e.     Silvercup Funding, LLC: agreement dated May 30, 2019 in the sum of $650,000 with 10% interest specified for a total purchase price of $949,000.00.  An affidavit of confession of judgment was executed on May 30, 2019 in the sum of $949,000.00 plus interest at 16% per annum with legal fees calculated at 33% of the total of the sums.  It is unknown whether the Confession of Judgment was filed.

        f.     Influx Capital, Inc.: agreement dated May 22, 2019 for the

## VERIFICATION

I, Nicole B. Comer, being duly sworn, deposes and says that I am a Plaintiff in the above captioned case and have authorized the filing of this complaint. I have reviewed the allegations made in the complaint, and to those allegations of which I have personal knowledge, I believe them to be true. I verify under penalty of perjury that the foregoing is true and correct.

This verification is made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

Nicole B. Comer, Individually

JS 44 (Rev. 02/19)

**CIVIL COVER SHEET**

19  3138

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Nicole B. Comer, Individually, Comer Enterprises, Inc., d/b/a CE - Solutions.

**DEFENDANTS**

Advantage Capital, Inc., Silver Cup Funding, LLC., BMF Capital, Iruka Capital Group, LLC., Queen Funding, LLC., Penn Capital Funding, and Influx Capital, LLC.

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*
Christopher P. Gerber, Esquire
Sheryl L. Brown, Esquire

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

❏ 1  U.S. Government
Plaintiff

❏ 3  Federal Question
*(U.S. Government Not a Party)*

❏ 2  U.S. Government
Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' | Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | Liability | ❏ 368 Asbestos Personal | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 340 Marine | Injury Product Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ☒ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| | | | | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 550 Civil Rights | ❏ 465 Other Immigration Actions | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ❏ 2 Removed from State Court  ❏ 3 Remanded from Appellate Court  ❏ 4 Reinstated or Reopened  ❏ 5 Transferred from Another District *(specify)*  ❏ 6 Multidistrict Litigation - Transfer  ❏ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Emergency Injunction Relief and Breach of Contract

**VII. REQUESTED IN COMPLAINT:**

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ❏ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions)*   JUDGE

DOCKET NUMBER   JUL 18 2019

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

JS 44 Reverse (Rev. 02/19)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. **(See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19 CV 3138

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 110 East State St. Suite D, Kennett Sq. PA 19348

Address of Defendant: 30 Broad St., 14th Floor, NY NY 10004; 321 Route 59, Suite WB, Tallman, NY 0982

1 Flo Ave N Suite 225, Brooklyn NY, 162 Clinton Ave, Hills Elizabeth NJ, 701 Chase Ave, Lakewood NJ

Place of Accident, Incident or Transaction: 1274 49th St, Suite 405, Brooklyn NY 11219, 32 Court St, Brooklyn NY, PA

---

### RELATED CASE, IF ANY:

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☒ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☒ |

I certify that, to my knowledge, the within case ☐ is / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/16/19 _____ 59313
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

### CIVIL: (Place a √ in one category only)

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify): _____*

**B.** *Diversity Jurisdiction Cases:*

- ☒ 1. Insurance Contract and Other Contracts
- ☒ 2. Airplane Personal Injury
- ☒ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify): _____*
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify): _____*

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

JUL 18 2019

DATE: _____ _____ _____
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Corner Enterprises, Inc. et al                :

                 v.                :

Advantage Capital, Inc. et al                :

CIVIL ACTION

NO.   19   3138

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| | | |
|---|---|---|
| 7/16/19 | Sheryl L Brown | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-321-5500 | 610·321·0505 | slbrown@scaralaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUL 18 2019